UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

**GREAT LAKES TRANSPORTATION HOLDING
LLC d/b/a METRO CARS,**

    **Plaintiff,**

    v.

**YELLOW CAB SERVICE CORPORATION OF
FLORIDA, INC., a Florida corporation; CULLAN
MEATHE, an individual; METRO CAB, LLC;
METRO PRO LEASING, LLC; PALM BEACH
METRO TRANSPORTATION, LLC; METRO
TRANSIT, LLC; and JACKSONVILLE METRO
TRANSPORTATION, LLC;**

    **Defendants.**
_____/

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

PLAINTIFF, GREAT LAKES TRANSPORTATION HOLDING LLC d/b/a Metro Cars, by and through its attorneys, herewith files this Complaint and sues DEFENDANTS, YELLOW CAB SERVICE CORPORATION OF FLORIDA, INC., a Florida corporation; CULLAN MEATHE, an individual; METRO CAB, LLC; METRO PRO LEASING, LLC; PALM BEACH METRO TRANSPORTATION, LLC; METRO TRANSIT, LLC; and JACKSONVILLE METRO TRANSPORTATION, LLC, and alleges as follows:

### THE PARTIES

1.  Plaintiff Great Lakes Transportation Holding LLC, d/b/a Metro Cars, (hereinafter "Metro Cars"), is a Michigan limited liability company with its principal place of business at 24957 Brest Road, Taylor, Michigan 48180.

RM:7179450:1

2. Defendant Yellow Cab Service Corporation of Florida, Inc. (hereinafter "Yellow Cab") is, upon information and belief, a Florida corporation with its principal address at 1635 Meathe Drive, West Palm Beach, Florida 33411.

3. Defendant Cullan Meathe (hereinafter "Meathe") is an individual over the age of twenty-one years; is the owner and Registered Agent for service of process for all of the Defendants save Defendant Metro Pro Leasing, LLC (Jenny Meathe is Registered Agent therefore); and is, upon information and belief the Owner, CEO, and Operator of Yellow Cab. Upon information and belief, he resides at 505 Middle River Drive, Ft. Lauderdale, Florida 33301.

4. Defendant Metro Cab, LLC (hereinafter "Metro Cab") is, upon information and belief, a Florida limited liability company with its principal place of business in Clearwater, Florida.

5. Defendant Metro Pro Leasing, LLC (hereinafter "Metro Pro") is, upon information and belief, a Florida limited liability company with its principal place of business at 1635 Meathe Drive, West Palm Beach, Florida.

6. Defendant Palm Beach Metro Transportation, LLC (hereinafter "Metro Transportation") is, upon information and belief, a Florida limited liability company with its principal place of business at 1700 North Florida Mango Road, West Palm Beach, FL 33409.

7. Defendant Metro Transit LLC (hereinafter "Metro Transit") is, upon information and belief, a Florida limited liability company with its principal place of business at 16991 US 19 North, Clearwater, Florida.

8.     Defendant Jacksonville Metro Transportation, LLC (hereinafter "Jacksonville Metro") is, upon information and belief, a Florida limited liability company with its principal place of business at 5320 Springfield, Jacksonville, FL.

## JURISDICTION

9.     This is a suit for trademark infringement/false designation of origin arising under the Lanham Act, 15 U.S.C. § 1125(a); false trademark dilution under 15 U.S.C. §1125(c); common law unfair competition and unjust enrichment and State of Florida dilution under §495.101, Fla.Stat. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and the doctrines of ancillary and pendent jurisdiction.

10.    Venue is proper in this Judicial District under 28 U.S.C. § 1391.

## FACTS

11.    Plaintiff Metro Cars is engaged in the business of providing luxury sedan chauffeuring and other transportation services ( the "Services").

12.    Plaintiff has used, and is currently using, the servicemark "METRO CARS" on or in connection with the Services to distinguish the Services from the goods and services of others.

13.    Metro Cars has prominently displayed the METRO CARS servicemark on the Internet and owns the rights in the domain names www.metrocars.com and www.metrocars.org, and has used the METRO CARS servicemark in its advertising materials, on vehicles, on these websites and other materials promoting the Services.

14.    As a result of Metro Cars' promotion and marketing efforts and the quality of Plaintiff's Services, the METRO CARS servicemark is widely and favorably known. The

METRO CARS servicemark has become a valuable asset of Metro Cars and a symbol of its goodwill.

15.     Due to Metro Cars' exclusive prior and continuous use, Plaintiff's METRO CARS servicemark has become the exclusive property of Metro Cars. Furthermore, such use has caused the METRO CARS servicemark to acquire a meaning exclusively associated with Plaintiff's goods and services thereby distinguishing Plaintiff's services from the services of others.

16.     In recognition of the distinctive nature of the METRO CARS servicemark, the U.S. Patent and Trademark Office issued Registration No. 1,908,853 for METRO CARS ("the '853 Mark") on August 1, 1995. A copy of the registration is attached hereto as Exhibit "A."

17.     The U.S. Patent and Trademark Office also issued Registration No. 3,261,698 for "METRO CARS FL" ("the '698 Mark") on July 10, 2007. A copy of the registration is attached hereto as Exhibit "B." (The '853 Mark and '698 Mark are hereinafter collectively referred to as "the METRO Marks".

18.     The METRO Marks have been assigned to Plaintiff. Copies of the Trademark Assignment Abstract of Title are attached hereto as Exhibit C.

19.     Upon information and belief, Defendants are engaged in the business of providing chauffeur and other transportation services. Defendants advertise, market, provide, and sell services that compete with services offered by Plaintiff.

20.     Despite Plaintiff's prior continuous use of its METRO Marks and Plaintiff's ownership of the METRO Marks, Defendants are using the METRO Marks in connection with their chauffeur and transportation services. Defendant's website, www.yellowcabflorida.com,

displays Plaintiff's "METROCARS FL" '698 Mark in numerous places on its website, and as a "banner" on its home page. Examples of portions of Defendants' web pages are attached as Composite Exhibit "D."

21. On information and belief, Defendants' conduct described above is part of a willful and deliberate plan to trade on the enormous goodwill of Plaintiff's METRO Marks and to otherwise unfairly compete with Plaintiff and benefit therefrom.

22. On information and belief, Defendants are acting with full knowledge of Plaintiff's prior rights in the METRO Marks and are willfully infringing Plaintiff's METRO Marks.

23. Plaintiff previously sent a cease and desist letter to Defendants; however, Defendants continue their unauthorized and infringing use of Plaintiff's METRO Marks, making this lawsuit necessary.

24. Defendants' wrongful acts have caused and are causing irreparable injury and monetary damages to Plaintiff, and unless this Court restrains Defendants from further commission of these acts, Plaintiff will suffer further irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT I — FEDERAL TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(A)

25. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Twenty-Four (24) above as if fully set forth herein.

26. On information and belief, Defendants have used and are currently using the Plaintiff's METRO Marks in connection with Defendants' chauffeur and transportation services. Such use is without the consent of Plaintiff.

27. Defendants' use of the METRO Marks is likely to cause confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; or

(b) the source, origin, sponsorship, or approval of Defendants' products/services.

28. Defendants' unauthorized use of Plaintiff's METRO Marks misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities.

29. Plaintiff has been damaged by Defendants' use of the Plaintiff's METRO Marks and is likely to be further damaged by Defendants' continued use of same. In particular, Defendants' unauthorized use of Plaintiff's METRO Marks is likely to cause Plaintiff's METRO Marks to lose significance as an indicator of origin.

30. Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's METRO Mark with full knowledge of Plaintiff's rights, thereby willfully infringing Plaintiff's proprietary rights.

**COUNT II — FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**

31. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Thirty (30) above as if fully set forth herein.

32. Plaintiff's MetroMarks are famous, have been used extensively for years, have been heavily promoted, and are highly recognized.

33. Plaintiff's METRO Marks had already become famous when Defendants began using the Plaintiff's METRO Marks in commerce for commercial gain.

34. Defendants' use of the Plaintiff's METRO Marks constitutes trademark dilution of Plaintiff's famous METRO Marks in violation of 15 U.S.C. § 1125(c).

35. Defendants' chauffeur and other transportation services provided by Defendants are inferior in quality to the Services offered by Plaintiff.

36. Upon information and belief, Defendants willfully intended to cause dilution of Plaintiff's famous METRO Marks.

37. As a result of Defendants' wrongful conduct, Plaintiff has suffered injuries, both compensable and irreparable.

## COUNT III — TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

38. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Thirty-Seven (37) as if fully set forth herein.

39. Plaintiff is the owner of all right, title, and interest in and to the METRO Marks.

40. Upon information and belief, Defendants have used, and are currently using, the Plaintiff's METRO Marks in commerce in connection with the sale, offering for sale, distribution, or advertising of chauffeur and transportation services. Such use is without the consent of Plaintiff.

41. Defendants' use of Plaintiff's METRO Marks is likely to cause confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; or

(b) the origin, sponsorship, or approval of Defendants' products, services, or commercial activities by Plaintiff.

42. Plaintiff has been damaged by Defendants' use of Plaintiff's METRO Marks and is likely to be further damaged by Defendants' continued use of Plaintiff's METRO Marks. In particular, Defendants' use of Plaintiff's METRO Marks is likely to cause Plaintiff's METRO Marks to lose its significance as an indicator of origin.

43. Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's METRO Marks with full knowledge of Plaintiff's rights. Therefore, Defendants have willfully infringed such rights.

## COUNT IV — UNFAIR COMPETITION UNDER FLORIDA LAW

44. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Forty-Three (43) above as if fully set forth herein.

45. Plaintiff and Defendants are competitors, offering the same services, i.e., car and limousine services.

46. Defendants' actions as set forth herein are designed to compete unfairly with Plaintiff and constitute unfair competition under the common law of the State of Florida.

47. Plaintiff has suffered irreparable harm and monetary damages as the direct and proximate result of Defendants' actions.

## COUNT V- UNJUST ENRICHMENT UNDER FLORIDA LAW

48. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Forty-Seven (47) above as if fully set forth herein.

49. By their aforesaid conduct, Defendants have received a benefit by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

50. Upon information and belief, Defendants have further benefited by selling products and services it would not otherwise have been able to sell. These benefits have come at the expense of Plaintiff and it would be inequitable for Defendants to retain the benefits.

51. Defendants have been unjustly enriched.

## COUNT VI – VIOLATION OF FLORIDA STATUTE §501.201, *et seq.* (FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA"))

52. Plaintiff hereby incorporates the allegations of Paragraphs One (1) through Fifty-One (51) above as if fully set forth herein.

53. Defendants' conduct as herein described, including the infringement activity, unfair competition, and the misleading, confusing, and deceptive marketing and advertising of their services to consumers, constitutes a violation of FDUTPA.

54. Plaintiff has been damaged and aggrieved by Defendants' violations because consumers of the Defendants' services are confused and/or misled as to the source, origin, sponsorship, and qualities of the transportation services.

55. Plaintiff has suffered and continues to suffer irreparable harm and monetary damages as the direct and proximate result of Defendants' actions.

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF, GREAT LAKES TRANSPORTATION HOLDING LLC, respectfully requests that this Court enters judgment in its favor and against Defendants as follows:

A.  That Plaintiff's rights in and to the METRO Marks are valid, enforceable and have been infringed by Defendants;

B.  That Defendants have willfully infringed Plaintiff's rights;

C.  That Defendants, their agents, servants, employees and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1)  using Plaintiff's METRO Marks or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(2)  advertising in any media under Plaintiff's METRO Marks, colorable imitations of Plaintiff's METRO Marks, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including the display of infringing matter on the www.yellowcabflorida.com website or any other website controlled by Defendants;

(3)  informing customers or potential customers that they are "Metro Cars FL", or are affiliated with, "Metro Cars"; and

RM:7179450:1

    (4)  otherwise infringing Plaintiff's rights in its METRO Marks and competing unfairly with Plaintiff.

  D.  That Defendants are required to pay to Plaintiff such damages, statutory or otherwise, together with prejudgment interest thereon, as Plaintiff has sustained in consequence of Defendants' unlawful acts, and to account for and return to Plaintiff any monies, profits, and advantages gained by Defendants;

  E.  That all damages sustained by Plaintiff be trebled;

  F.  That Defendants are required to pay to Plaintiff punitive and exemplary damages;

  G.  That Defendants deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all infringing articles and immediately disable the [www.yellowcabflorida.com](www.yellowcabflorida.com) website and any other website controlled by Defendants which displays infringing matter during the pendency of this action;

  H.  That Defendants pay to Plaintiff the costs and disbursements of this action, and that reasonable attorney's fees are allowed to Plaintiff by this Court;

  I.  That Defendants are directed to file, with this Court, and serve on Plaintiff within ten (10) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form, in which, Defendant has complied with the injunction; and

  J.  That Plaintiff is granted such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

> RUDEN, McCLOSKY, SMITH,
> SCHUSTER & RUSSELL, P.A.
> 222 Lakeview Avenue, Suite 800
> West Palm Beach, FL 33401
> 561-838-4535/561-514-3435
> /s/_____
> Eric C. Christu
> FL Bar No.: 434647

DATED:_____2/12/10_____

RM:7179450:1