UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:10-CV-80241-WJZ

GREAT LAKES TRANSPORTATION HOLDING LLC d/b/a
METRO CARS

    Plaintiff,

vs.

YELLOW CAB SERVICE CORPORATION OF FLORIDA, INC. a
Florida Corp.; CULLAN MEATHE an individual; et al,

    Defendants.

_____/

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-DEFENDANTS,
AND NON-PARTIES' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR PROTECTIVE ORDER, AND INCORPORATED
MEMORANDUM IN SUPPORT THEREOF**

    COME NOW, Defendants/Counter-Plaintiffs/Cross-Defendants, YELLOW CAB SERVICE CORPORATION OF FLORIDA, INC., CULLAN MEATHE, METRO CAB, LLC, METRO PRO LEASING, LLC, PALM BEACH METRO TRANSPORTATION, LLC, METRO TRANSIT, LLC, JACKSONVILLE METRO TRANSPORTATION, LLC, PALM BEACH TRANSPORTATION GROUP, LLC, and JACKSONVILLE TRANSPORTATION GROUP, LLC'S; and Non-Parties, BOATHOUSE CAPITAL LP, BOATHOUSE CAPITAL GP LLC, and BOATHOUSE CAPITAL MANAGEMENT LLC, by and through undersigned counsel, and files this their Reply to Plaintiff's Response [DE 90] to their Motion for Protective Order, and Incorporated Memorandum in Support Thereof [DE 92], as to Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, and as grounds therefor, states:

    1.    Defendants/Counter-Plaintiffs/Cross-Defendants, and Non-Parties, in DE 82, have set forth in specific detail the basis for their objections to each item requested in

Plaintiff's Subpoenas Duces Tecum, and therefore, point the Court to those objections. However, several matters bear mentioning.

2. In response to Request for Production propounded by the Plaintiff to the Defendants, the Plaintiff has been provided with the extensive "Loan Agreement By And Between, PTG Enterprises, LLC, as Borrower, and Boathouse Capital LP, as Lender." Therefore, the Plaintiff does know the name of the Purchaser. Furthermore, said extensive "Loan Agreement" also contains the Pledge Agreement listing the pledged securities, UCC-1 Financing Statements, etc.

3. While the Plaintiff claims that it withdrew the initial Subpoenas (with Production date of December 10, 2010), said Withdrawal was never provided to Defendants, and was never filed with the Court. Prior to filing for Protective Order, undersigned counsel sent correspondence to Plaintiff's counsel requesting an explanation of why two sets of subpoenas with different dates were issued, and no response was provided by Plaintiff's counsel. Furthermore, while the Subpoenas were issued out of the U.S. District Court for the Eastern District of Pennsylvania, the unfiled Notice of Withdrawal of Subpoenas [DE 90-2, page 4 of 5], lists the Court as the U.S. District Court for the Southern District of Florida. Thus, if Plaintiff's intention was to confirm that the Defendant's counsel was served with a Notice of Subpoenas prior to the service of the subpoenas on Boathouse, as Plaintiff alleges in paragraph numbered 7 of its response [DE 90, page 4], and paragraph (1) on page 7 of its response, Plaintiff's actions resulted in the opposite effect.

4. Contrary to Plaintiff's assertion on page 6 of DE 90, *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), does not hold that affidavit or testimony of a witness is required for entry of a protective order.

5. "[A]n essential prerequisite for allowance of a subpoena duces tecum is a showing of the materiality or ... probable materiality of the documents as evidence." *U.S. v. Aluminum Co. of America*, 1 F.R.D. 57, 58 (D.N.Y. 1939). As set forth in DE 82, Plaintiff's requests, or some of them, are not material or reasonably calculated to lead to discovery of evidence admissible at trial.

6.       Furthermore, in *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626, 629 (D. Colorado 1993), the court ruled that the subpoena was overly broad and required modification, because there was nothing to show the relevance or potential relevance of certain items requested.

7.       Finally, Defendants/Counter-Plaintiffs/Cross-Defendants, and Non-Parties, reiterate the objections made in DE 82.

                                                    /s/
John M. Camillo, Esq.
Florida Bar No. 356263
john_camillo@fl-attys.com
J. Clark Dixon, Esq.
Florida Bar No. 756881
jamie_dixon@fl-attys.com
CAMILLO & SNOWDEN, P.A.
Attorneys for the Defendants/Counter-Plaintiffs/Cross-Defendants, and Non-Parties
221 West Oakland Park Boulevard
Fort Lauderdale, FL 33311
Telephone No.:       (954) 565-3398
Fax No.:                  (954) 565-3556

**CERTIFICATE OF SERVICE**

    I hereby certify that on the January 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          /s/
                                John M. Camillo, Esq.
                                Florida Bar No. 356263
                                john_camillo@fl-attys.com
                                J. Clark Dixon, Esq.
                                Florida Bar No. 756881
                                jamie_dixon@fl-attys.com
                                CAMILLO & SNOWDEN, P.A.
                                Attorneys for the Defendants/Counter-Plaintiffs/Cross-Defendants, and Non-Parties
                                221 West Oakland Park Boulevard
                                Fort Lauderdale, FL 33311
                                Telephone No.:    (954) 565-3398
                                Fax No.:             (954) 565-3556

337/30044

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:10-CV-80241-WJZ

GREAT LAKES TRANSPORTATION
HOLDING LLC d/b/a METRO CARS

    Plaintiff,

vs.

YELLOW CAB SERVICE CORPORATION OF FLORIDA, INC. a Florida Corp.; CULLAN MEATHE an individual; et al,

    Defendants.
_____/

## SERVICE LIST

Eric C. Christu
Attorney for Plaintiff
Ruden McClosky, PA
222 Lakeview Avenue
eric.christu@ruden.com
West Palm Beach, 33401


Victor Berwin, Esq.
Ruden McClosky, PA
Co-counsel for Plaintiff
222 Lakeview Avenue
Suite 800
West Palm Beach, 33401