UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80241-CIV-ZLOCH/ROSENBAUM

GREAT LAKES TRANSPORTATION
HOLDING LLC d/b/a METRO CARS,

    Plaintiff,

v.

YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INC., et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Statement in Response to Defendants' Notice of Compliance ("Statement") [D.E. 133]. In the Statement, Plaintiff moves the Court, *inter alia*, to compel Defendants' compliance with the Court's February 4, 2011, Order directing Defendants to produce the entirety of a loan agreement between PTG Enterprises, LLC, and Boathouse Capital. Specifically, the Court's February 4 Order authorized Plaintiff to "amend its [discovery] requests to include all portions of the loan agreement" and required Defendants (absent the filing of any objections) to "produce any responsive portions of the loan agreement" by February 7, 2011. D.E. 121 at 7.

On February 2, 2011, Plaintiff served its amended discovery requests, asking Defendants to produce "[t]he entire document titled 'Loan Agreement By And Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as lender, Closing Transcript' dated September 16, 2010 (the 'Loan Agreement'), including, without limitation, all schedules, attachments, exhibits, appendices, annexes, tabs, and other documents incorporated into or referenced or referred to in the Loan

Agreement." D.E. 133-1 at 5.[1]  On February 7, 2011, Defendants filed a Notice of Compliance stating that they had responded to Plaintiff's amended discovery requests the previous day.  *See* D.E. 122 at 2.  Attached to that Notice was Defendants' Response to the amended production requests, which indicated that Defendants had produced "the Loan Agreement in its entirety, without redactions and with all attached schedules and forms of agreements."  D.E. 122-1 at 4-5.

In its Statement, Plaintiff disputes Defendants' claim that they have produced the entire loan agreement, asserting that Defendants provided only "a few additional pages" of that agreement.  D.E. 133 at 3.  According to Plaintiff, Defendants' failure to produce the whole loan agreement "forced Plaintiff to file its Reply" in support of summary judgment "without the benefit of receiving outstanding discovery" and "at great prejudice to the Plaintiff."  *Id.*[2]

In view of Plaintiff's assertions that Defendants have failed to comply with the Court's February 4 Order, it is hereby **ORDERED** that, by **5:00 p.m. on Friday, March 4, 2011,** Defendants shall produce the entire loan agreement as specified in Plaintiff's amended production request or file a statement with the Court representing that Defendants have already produced the full agreement.  The Court denies Plaintiff's request for attorney's fees incurred in preparing its Statement, but the Court may reconsider an award of fees, as well as other possible sanctions, if

---

[1] Plaintiff also requested that Defendants produce various other documents, including those disclosing or referring to the loan agreement or the underlying loan transaction.  *See* D.E. 133-1 at 5.  In its Statement, Plaintiff argues that Defendants have failed to respond to these additional requests.  But because the relevant portion of the Court's February 4 Order referenced only the loan agreement itself, the Court will not address the production of documents other than the agreement.  Moreover, much of the information sought in Plaintiff's additional requests appears to be covered by previous discovery requests to Defendants and subpoenas served on Boathouse Capital.  *See* D.E. 121 at 8-13 (granting in part and denying in part Defendants' Motion for Protective Order concerning Boathouse Capital subpoenas).

[2] Based on this argument, Plaintiff moves the Court to allow Plaintiff to file a supplement to its summary-judgment Reply.  Any such supplemental filing would need to be approved by the Honorable William J. Zloch.

Defendants either fail to produce the entire loan agreement or misrepresent their production of the agreement.  *See, e.g.*, Fed. R. Civ. P. 11; Fed. R. Civ. P. 37.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 2nd day of March, 2011.

> ROBIN S. ROSENBAUM
> United States Magistrate Judge

cc:   Honorable William J. Zloch
      counsel of record

3