UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80241-CIV-ZLOCH/ROSENBAUM

GREAT LAKES TRANSPORTATION
HOLDING LLC d/b/a METRO CARS,

    Plaintiff,

v.

YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Plaintiff's Statement in Response to Defendants' Reply to Plaintiff's Response to Defendants' Notice of Compliance and Defendants' Response to Plaintiff's Supplemental Request for Production, and Motion to Compel ("Plaintiff's Motion to Compel") [D.E. 142, 144]. In this filing, Plaintiff again moves the Court to compel Defendants to produce the entirety of a loan agreement between PTG Enterprises and Boathouse Capital, as the Court has repeatedly ordered. *See, e.g.*, D.E. 121 (Order of February 4, 2011); D.E. 135 (Order of March 2, 2011). For the following reasons, the Court grants Plaintiff's Motion to Compel.[1]

In connection with a previous Motion to Compel, *see* D.E. 96, Plaintiff argued, *inter alia*, that Defendants had produced "a Loan Agreement between PTG Enterprises, LLC and Boathouse Capital LP, which appears to contain only one (1) of the twenty-four (24) tabs from the original document and which was admittedly unilaterally redacted by Defendants . . . ." D.E. 118 at 2. This

---

[1] Although Plaintiff requests a hearing on its Motion, *see* D.E. 142 at 4; D.E. 143 at 1-2, the Court has already heard oral argument regarding Defendants' production of the loan agreement. *See* D.E. 119 (minutes of February 1, 2011, hearing on discovery motions). The Court finds it unnecessary to hold another hearing on this issue and, accordingly, denies Plaintiff's request.

loan agreement concerned PTG's purchase of certain foreclosed assets of Defendants and related companies. After conducting a February 1, 2011, hearing on the production of the loan agreement and other discovery issues, the Court authorized Plaintiff to "amend its [discovery] requests to include all portions of the loan agreement" and required Defendants, absent any objection to the amended requests, to "produce any responsive portions of the loan agreement." D.E. 121 at 7 (Order of February 4, 2011).[2] The Court further ordered that if "Defendants object to any aspect of the amended requests, Defendants shall file **specific** objections and any materials supporting those objections." *Id.* (emphasis in original). The Court directed Defendants to "produce responsive documents, or file any objections" by February 7, 2011. *Id.*[3] The Court also tentatively scheduled another hearing to consider "any objections by Defendants to Plaintiff's amended document requests." *Id.* at 13.

On February 2, 2011, Plaintiff served its amended document requests, asking Defendants to produce, among other items, "[t]he entire document titled 'Loan Agreement By And Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as lender, Closing Transcript' dated September 16, 2010 (the 'Loan Agreement'), including, without limitation, all schedules, attachments, exhibits, appendices, annexes, tabs, and other documents incorporated into or referenced or referred to in the Loan Agreement." D.E. 133-1 at 5.[4] On February 7, 2011, Defendants filed a Notice of Compliance stating that they had responded to Plaintiff's amended

---

[2]The Court separately ordered Defendants to produce, subject to a confidentiality requirement, an unredacted version of the portions of the loan agreement that Defendants had already produced in a redacted form. *See* D.E. 121 at 6-7.

[3]The February 4 Order memorialized oral rulings that the Court had announced at the February 1 hearing.

[4]Plaintiff also requested that Defendants produce various other documents regarding the loan agreement, but Defendants separately objected to those requests. *See* D.E. 142-1 at 2-6. Those documents are not at issue here. *See* D.E. 135 at 2 n.1 (Order of March 2, 2011).

2

document requests the previous day and "did not make any objections" to those requests. D.E. 122 at 2. Attached to the Notice was the relevant portion of Defendants' response to the amended production requests, which represented that Defendants had produced "the Loan Agreement in its entirety, without redactions and with all attached schedules and forms of agreements." D.E. 122-1 at 4-5.[5] The Court, relying on Defendants' representation that they had responded fully to Plaintiff's amended requests, cancelled the hearing it had previously scheduled to consider any objections to the requests. *See* D.E. 123.

On March 1, 2011, Plaintiff filed a Statement asserting that Defendants had not, in fact, produced the entire loan agreement but rather had provided only "a few additional pages" of the agreement. D.E. 133 at 3. Plaintiff therefore argued that Defendants had "successfully avoided the issue of whether the entire loan agreement should be produced by failing to either produce the document in its entirety or file any specific objections with this Court." *Id.* Plaintiff requested, in relevant part, that the Court compel Defendants to respond fully to the amended discovery requests and award Plaintiff the attorney's fees it had incurred in preparing the Statement. *See id.* at 3-4.

In response to Plaintiff's claim that Defendants still had not complied with the Court's February 4 Order, the Court, on March 2, 2011, ordered Defendants to "produce the entire loan agreement as specified in Plaintiff's amended production request or file a statement with the Court representing that Defendants have already produced the full agreement." D.E. 135 at 2. The Court denied Plaintiff's request for attorney's fees but noted that it would "reconsider an award of fees, as well as other possible sanctions, if Defendants either fail to produce the entire loan agreement or misrepresent their production of the agreement." *Id.* at 2-3.

---

[5]Similarly, in a separate response that mainly addressed other document requests, Defendants quoted Plaintiff's specific request for the full loan agreement and responded, "The Defendants produced this document on February 6, 2011." D.E. 142-1 at 1-2.

The next day, Defendants filed a statement representing that "the Loan Agreement in its entirety and without redactions, was produced to the Plaintiff [on February 6, 2011,] as was required by the Court's Order dated February 4, 2011." D.E. 136 at 1; *see id.* at 5. Included in Defendants' filing was a list of the loan-agreement documents that Defendants claimed to have produced. *See id.* at 4-5. Attached to the filing was a cover page for a document titled "Loan Agreement By and Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as Lender," dated September 16, 2010, as well as a table of contents and list of schedules and exhibits for this document. D.E. 136-1. The attachments generally corresponded to the documents listed in Defendants' filing. Again relying on Defendants' representations that they had produced the complete loan agreement, the Court took no further action on this issue.

In its present Motion to Compel, Plaintiff once again challenges Defendants' claims that they have produced the entire loan agreement requested by Plaintiff, as this Court has repeatedly ordered. *See* D.E. 142 at 1. Attached to Plaintiff's Motion is a cover page for a document bearing the same title as the document that Plaintiff has specifically requested: "Loan Agreement By and Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as Lender, **Closing Transcript**," dated September 16, 2010. D.E. 142-2 at 1 (emphasis added); *compare* D.E. 133-1 at 5 (amended request for this document and all accompanying documents). Plaintiff's amended request clearly identifies this document as the "Loan Agreement." D.E. 133-1 at 5. Also attached to Plaintiff's Motion is a "Closing Document Index" for the "Loan Agreement . . . Closing Transcript." D.E. 142-2 at 2-6. This index reflects that the "Loan Agreement" that Defendants have produced represents only the first of twenty-four "tabs" of documents contained in the larger "Loan Agreement . . .

4

Closing Transcript" that Plaintiffs have explicitly requested. *See* D.E. 142-2 at 2-6.[6] The remaining twenty-three tabs, which Defendants did not produce in response to Plaintiff's request, appear to include other documents central to the loan transaction, such as guaranties, security agreements, and certificates. *See id.*

In response to Plaintiff's current Motion to Compel, Defendants argue—for the first time—that they were not required to produce the entire "Loan Agreement . . . Closing Transcript" but only the portion of that document designated as the "Loan Agreement." *See* D.E. 148 at 4. This argument suffers from two significant problems.

First, the events leading up to the February 1, 2011, hearing on Plaintiff's original Motion to Compel, as well as the hearing itself, belie Defendants' contention. In a Reply filed four days before the hearing, Plaintiff noted that the "Loan Agreement" produced by Defendants "appears to contain only one (1) of the twenty-four (24) tabs from the original document." D.E. 118 at 2. Plaintiff pursued this argument further at the hearing, describing the missing "tabs" of documents and referring to the full loan agreement as the "closing binder" for the transaction. The Court and counsel for both sides discussed the loan agreement at length in these same terms. This discussion referenced several of the particular types of documents contained in the other tabs of the closing binder, such as operating agreements for the companies involved in the loan transaction. Following this discussion, and in view of the fact that the transaction occurred after Plaintiff served its original production requests, the Court ruled that Plaintiff could amend its requests to include the whole loan agreement. In this regard, the Court, Plaintiff's counsel, and Defendants' counsel all expressed an understanding that Plaintiff would request the entire closing binder, which housed the complete

---

[6]In addition, the schedules that the index lists under the "Loan Agreement" tab appear to be different from those produced by Defendants. *Compare* D.E. 142-2 at 2, *with* D.E. 136 at 4-5, *and* D.E. 136-1 at 5.

5

"Loan Agreement . . . Closing Transcript." Also, the Court allowed Defendants to file specific objections to the amended requests but ordered Defendants to produce any unobjectionable portions of the loan agreement. The Court's subsequent written Order confirmed these oral rulings. *See* D.E. 121 at 5, 7 (noting Plaintiff's objection that "the loan agreement [previously produced] . . . includes only selected portions of the original document," allowing Plaintiff to "amend its requests to include all portions of the loan agreement," and ordering Defendants, absent any objections, to "produce any responsive portions of the loan agreement").

Second, even if Defendants were unclear about what transpired during the hearing, Plaintiff's amended production requests specifically asked Defendants for "[t]he entire document titled 'Loan Agreement By And Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as lender, Closing Transcript' dated September 16, 2010 (the 'Loan Agreement'), including, without limitation, all schedules, attachments, exhibits, appendices, annexes, tabs, and other documents incorporated into or referenced or referred to in the Loan Agreement." D.E. 133-1 at 5. In response to this detailed request, Defendants confirmed that they had produced "the Loan Agreement in its entirety, without redactions and with all attached schedules and forms of agreements." D.E. 122-1 at 4-5; *see* D.E. 142-1 at 1-2 (separate response quoting Plaintiff's specific request for the full loan agreement and stating that "[t]he Defendants produced this document on February 6, 2011"). Conspicuously absent from Defendants' response—and, for that matter, from its subsequent filing in response to the Court's March 2, 2011 Order—is any statement that Defendants had not produced all portions of the "Loan Agreement . . . Closing Transcript" that Plaintiff had requested. Further, although the Court gave Defendants the chance to object to Plaintiff's request as written, Defendants

6

disclaimed any such objection. *See* D.E. 122 at 2.[7]  Given that Defendants never before expressed any opposition to Plaintiff's explicit document request, Defendants' newly minted claim that they were obligated to produce only the first tab of the "Loan Agreement . . . Closing Transcript" simply does not pass muster.

Based on the information presented in Plaintiff's Motion, the Court finds that Defendants have lacked candor in their representations to Plaintiff and to the Court that they have produced the full loan agreement requested by Plaintiff.  *Cf.* S.D. Fla. Local Rules app. A (Discovery Practices Handbook), pt. III.A.(4) (emphasizing, with respect to oral requests for production, that "a lawyer's word once given, that an item will be produced, is the lawyer's bond and should be timely kept").  Plaintiff's amended production request sought "**[t]he entire document** titled 'Loan Agreement By And Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as lender, **Closing Transcript**' dated September 16, 2010 **(the 'Loan Agreement'), including, without limitation, all schedules, attachments, exhibits, appendices, annexes, tabs, and other documents incorporated into or referenced or referred to in the Loan Agreement.**"  D.E. 133-1 at 5

---

[7]Defendants' original response did contain the following footnote:  "The Plaintiff's arguments that there were certain documents omitted which were under tab appears to arise from confusion from not having read the Loan Agreement in its entirety.  The Loan Agreement lists all schedules and forms of agreement."  D.E. 122-1 at 5 n.2 (citation omitted).  This cryptic statement, however, did not clearly advise the Court that Defendants were withholding much of the "Loan Agreement . . . Closing Transcript," especially since Defendants disavowed any objection to Plaintiff's specific request.

Also, while Defendants' response to the Court's March 2, 2011 Order listed the documents that Defendants had produced, *see* D.E. 136 at 4-5; D.E. 136-1 at 2-5, the Court could not determine from the listed documents alone that they represented only a portion of those contained in the "Loan Agreement . . . Closing Transcript."  Although Plaintiff's counsel handed the Court a copy of the "Closing Document Index" at the February 1 hearing, counsel retrieved that document before the end of the hearing, so the Court could not conduct a comparison of the index to the documents Defendants stated they had produced.  Moreover, Defendants' March 3, 2011, filing reiterated that Defendants did not object to Plaintiff's amended production request.  *See* D.E. 136 at 4.

(emphasis added). This language, which could not be any clearer, in no way limits the documents sought to those contained in only the first tab of the loan agreement.

Although the Court gave Defendants an opportunity to object to Plaintiff's request as written, Defendants chose not to do so and instead waived any such objection. *See* S.D. Fla. Local Rules app. A, pt. III.A.(5) ("Absent compelling circumstances, failure to assert objections to a request for production within the time period for a response constitutes a waiver of grounds for objection, and will preclude a party from asserting the objection in a response to a motion to compel."). But at the same time, Defendants refused to produce the entire document requested by Plaintiff—despite repeatedly affirming to the Court that they had done so. The Court, in issuing various Orders, relied on these misrepresentations.

Rather than complying with the Court's Orders and either producing the full document responsive to Plaintiff's request or filing objections to the production, Defendants chose to ignore the unambiguous words of Plaintiff's request and instead take the untenable position that the term "Loan Agreement" refers only to the single document tab so titled. Defendants' semantic game—plainly intended to avoid production of the full loan agreement—has led the parties and the Court in a circle, wasting time and resources. The Court condemns this conduct and will not tolerate any further delay by Defendants in meeting their discovery obligations.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel and **ORDERS** Defendants to produce the entire "Loan Agreement By and Between PTG Enterprises, LLC as Borrower and Boathouse Capital LP as Lender, Closing Transcript," dated September 16, 2010. This production must include all documents under each of the twenty-four tabs listed in the Closing Document Index, *see* D.E. 142-2 at 2-6, and any other documents that fall within the scope of Plaintiff's request, *see* D.E. 133-1 at 5 (Request No. 1). Defendants shall produce these documents by **noon on Friday,**

8

**April 22, 2011**.  Consistent with the Court's February 4 Order, the documents produced shall be unredacted and may be viewed only by Plaintiff's attorneys.  *See* D.E. 121 at 6-7; *supra* note 2.

Plaintiff has renewed its request for attorney's fees expended in seeking production of the complete loan agreement.  The Court takes this request under advisement and **ORDERS** Defendants, **by Friday, April 29, 2011,** to show cause why the Court should not award Plaintiff the fees it has incurred in seeking to compel Defendants to produce the full loan agreement.  *See* Fed. R. Civ. P. 37(a)(5)(A); S.D. Fla. Local Rules app. A, pt. I.D.(4).

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 18th day of April, 2011.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Hon. William J. Zloch
      Counsel of record