UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80241-CIV-ZLOCH/ROSENBAUM

GREAT LAKES TRANSPORTATION
HOLDING LLC d/b/a METRO CARS,

    Plaintiff,

v.

YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INC., et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Sealed Motion for Relief from Confidentiality Order [D.E. 158], which seeks to lift an "attorneys eyes only" confidentiality restriction that the Court previously imposed with respect to Defendants' production of certain loan-agreement documents. *See* D.E. 121 at 7; D.E. 151 at 9. In its Order of May 24, 2011, the Court granted Plaintiff's Motion as it regards two categories of documents identified in Defendants' Response: (1) documents whose contents have already become public and (2) documents whose contents have not become public but that Defendants do not object to disclosing. *See* D.E. 172 at 1-2. Plaintiff agrees that the remaining documents should be kept confidential but contends that the attorneys-eyes-only restriction is unnecessary and prevents Plaintiff from fully assisting its counsel in conducting discovery and preparing for trial. Defendants argue, however, that most of these documents should remain subject to the attorneys-eyes-only restriction because they contain proprietary and otherwise confidential information that would provide an unfair competitive advantage to Plaintiff, which operates a competing business. *See* Fed. R. Civ. P. 26(c)(1)(G) (authorizing the court to limit disclosure of proprietary and confidential business information).

When a party challenges the protection of discovery materials as confidential, the party seeking to maintain that protection must show good cause for keeping the documents confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam).  At pages 6 and 9 of their Surreply, Defendants withdraw their objection to disclosing certain of the disputed loan-agreement documents to Plaintiff.  Therefore, with respect to those documents, Plaintiff's Sealed Motion for Relief from Confidentiality Order [D.E. 158] is **GRANTED**, and the Court removes the previously imposed attorneys-eyes-only restriction. Plaintiff, however, may use the documents for purposes of this litigation only and shall file under seal any of the documents submitted to the Court (unless a later Court Order provides otherwise). Regarding the remaining documents addressed in Defendants' Surreply, for the reasons set forth by Defendants in their Surreply, the Court finds that Defendants have shown good cause to maintain the attorneys-eyes-only restriction.  Accordingly, with regard to those documents, Plaintiff's Sealed Motion for Relief from Confidentiality Order [D.E. 158] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 6th day of June, 2011.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc: Hon. William J. Zloch
    Counsel of record