UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80241-CIV-ZLOCH/ROSENBAUM

GREAT LAKES TRANSPORTATION
HOLDING LLC d/b/a METRO CARS,

    Plaintiff,

v.

YELLOW CAB SERVICE CORPORATION
OF FLORIDA, INC., et al.,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to D.E. 159 [D.E. 238]. For the reasons discussed below, the Court grants Plaintiff's Motion in part and denies it in part, awarding Plaintiff $5,236.00 in attorney's fees.

**I.    Background**

On May 4, 2011, the Court ordered Defendants' counsel to pay the attorney's fees that Plaintiff incurred in seeking to compel Defendants to produce the entire loan agreement between PTG Enterprises and Boathouse Capital. *See* D.E. 159 at 7-8. This fee award was based on Rule 37(a)(5)(A), Fed. R. Civ. P., which generally requires the party or attorney whose conduct necessitated a successful motion to compel discovery "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Applying this rule, the Court concluded that fees must be imposed. *See* D.E. 159 at 7; *see also* D.E. 151 (Order of April 18, 2011, granting Plaintiff's Motion to Compel production of full loan agreement and detailing Defendants' discovery conduct). Because defense counsel acknowledged responsibility for the conduct resulting in the

Court's imposition of fees, the Court ordered counsel to pay "those fees incurred by Plaintiff in seeking to compel disclosure of the entire 'Loan Agreement . . . Closing Transcript' after Defendants filed their February 7, 2011, Notice of Compliance [D.E. 122]." D.E. 159 at 8 (alteration in original). Regarding the specific terms of the fee award, the Court directed as follows:

> The parties' attorneys shall agree on the amount of these fees, and, **by July 3, 2011,** Defendants' counsel shall pay the agreed-upon amount to Plaintiff. If the parties cannot agree on the amount of fees, Plaintiff shall file a motion with the Court detailing its fee request, and Defendants' counsel may respond to that motion.

*Id.* (emphasis in original).

Plaintiff's counsel subsequently requested $8,604.00 in fees from Defendants' counsel and provided the relevant billing statements. *See* D.E. 238 at 2; D.E. 238-1. In response, Defendants' counsel offered to pay $977.50 in fees, submitting a spreadsheet that addressed the various time entries in Plaintiff's counsel's billing statements. *See* D.E. 238 at 2; D.E. 238-2. The parties' attorneys have been unable to agree on the amount of the fee award. *See* D.E. 238 at 2.

In its present Motion, filed on August 15, 1011, Plaintiff seeks a fee award of $7,947.50.[1] *See id.* Attached to Plaintiff's Motion are the pertinent billing statements, Defendants' counsel's spreadsheet, and affidavits from the two attorneys representing Plaintiff in this matter. *See* D.E. 238-1 – 238-4. Defendants' counsel did not file a Response to Plaintiff's Motion by the deadline of September 1, 2011. *See* Local Rule 7.1(c)(1)(A); *see also* CM/ECF Docket Entry 238 ("Responses due by 9/1/2011"). However, on September 6, 2011, Defendants' counsel filed a belated Response to the Motion. *See* D.E. 252.[2]

---

[1] Plaintiff has reduced the amount of its fee request based in part on the recognition that one of counsel's time entries included work not directly related to the production of the loan agreement. *See* D.E. 238 at 2; D.E. 238-3 at 5.

[2] A party's failure to file a timely response to a motion "may be deemed sufficient cause for granting the motion by default." Local Rule 7.1(c). The Court declines to take that approach here,

**II.      Discussion**

    **A.      Lodestar Standards**

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "starting point" in this analysis requires the Court "to multiply hours reasonably expended by a reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the Court calculates this amount—the "lodestar"—it must consider whether any adjustments are warranted based on the results obtained by counsel. *See id.* at 1302.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The party seeking fees must provide "specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* at 1303. Nonetheless, the Court is deemed an expert on this issue and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (internal quotation marks omitted).

In evaluating the number of hours reasonably expended, the Court must exclude hours that are "'excessive, redundant or otherwise unnecessary.'" *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Such hours, the Eleventh Circuit has explained, "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Id.* (citing *Hensley*, 461 U.S. at 434) (emphasis in original). Although redundant hours

---

however, for two reasons. First, as discussed herein, the Court has an independent duty to ensure that the amount of a fee award is reasonable. Second, Defendants' counsel's late Response relies largely on the spreadsheet provided to Plaintiff's counsel and attached to Plaintiff's Motion. *See* D.E. 238-2.

sometimes occur when a party is represented by more than one lawyer, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302 (citing *Johnson v. Univ. College*, 706 F.2d 1205, 1208 (11th Cir. 1983)). Moreover, any objections to including certain hours in a fee award must be "reasonably precise." *Id.* at 1301.

After multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court must assess whether the fee award should be adjusted based on the results obtained. *See Norman*, 836 F.2d at 1302. The Court should award the full lodestar amount if the results were "excellent." *Id.* The fee award should be reduced, however, if counsel achieved only "partial or limited success." *Id.*

  **B.**  **Analysis of Plaintiff's Motion**

    **1.**  **Reasonable Hourly Rate**

The Court first considers the reasonableness of the hourly rates charged by Plaintiff's counsel. The billing statements attached to Plaintiff's Motion show that Plaintiff's lead attorney, Eric C. Christu, has charged a rate of $425.00 per hour in this matter. *See* D.E. 238-1 at 6, 14, 18. Mr. Christu, a partner in the firm of Shutts & Bowen LLP, has practiced law in South Florida for twenty-seven years and has extensive experience handling complex commercial and business litigation. *See* D.E. 238-3 at 2, 7. Mr. Christu's associate, Daniel J. Barsky, has charged an hourly rate of $255.00 in this case. *See* D.E. 238-1 at 6, 14, 18. Mr. Barsky has practiced law in South Florida for five years and represents clients in business litigation. *See* D.E. 238-4 at 2, 7.

Defendants' counsel does not dispute that the hourly rates charged here by Mr. Christu and Mr. Barsky are reasonable. Further, based on the Court's own knowledge and experience concerning

the rates charged for similar work by South Florida lawyers with comparable credentials, the Court finds that the hourly rates billed by Mr. Christu and Mr. Barsky are reasonable. *See, e.g.*, *Flagstar Bank, FSB v. A.M. Hochstadt*, 2010 WL 1226112, at *5 (S.D. Fla. Mar. 4, 2010) (finding $425 and $250 to be reasonable hourly rates for commercial litigators having, respectively, thirty-four and eight years of experience); *Pellegrino v. Koeckritz Devel. of Boca Raton, LLC*, 2008 WL 6128747, at *3 (S.D. Fla. Nov. 24, 2008) (finding $310 to be a reasonable hourly rate for commercial litigator with 6 years' experience).

### 2. Hours Reasonably Expended

Next, the Court examines the number of hours reasonably expended by Plaintiff's counsel in seeking production of the loan agreement after Defendants filed their February 7, 2011, Notice of Compliance. *See* D.E. 159 at 8. Based on the billing records attached to its Motion, Plaintiff contends that Mr. Christu and Mr. Barsky respectively spent 5.8 hours[3] and 20.5 hours working to compel production of the full loan agreement. *See* D.E. 238-1. The attorneys' time entries include, among other work, communications between themselves and with opposing counsel, review of documents produced in discovery, and preparation of court filings. *See id.*

Defendants' counsel contests nearly all of Plaintiff's attorneys' time entries. These challenges boil down to three arguments: (1) the time Plaintiff's counsel spent reviewing Defendants' discovery responses was excessive and largely unrelated to the production of the loan agreement, (2) the time counsel spent preparing court filings was excessive, and (3) various other time entries include work performed on unrelated issues. *See* D.E. 238-2 at 2; D.E. 252-1 at 1. Plaintiff's counsel responds that defense counsel's persistent efforts to avoid production of the loan

---

[3]This figure takes into account Plaintiff's voluntary reduction of Mr. Christu's March 25, 2011, time entry from 2.1 hours to 0.9 hours. *See* D.E. 238-1 at 13; D.E. 238-3 at 5; *supra* note 1.

5

agreement required Plaintiff's counsel to continually revisit this issue, ensuring that Plaintiff's position was correct in view of the developing case record and advocating that position to opposing counsel and the Court. *See* D.E. 238-3 at 3-5; D.E. 238-4 at 3-4. Essential to these tasks, Plaintiff's counsel maintains, were carefully reviewing the documents Defendants produced in discovery and submitting well-reasoned filings to the Court. *See id.*

The Court agrees with Plaintiff that much of the work performed by Plaintiff's counsel was of Defendants' counsel's making. As discussed in the Court's previous Orders, defense counsel repeatedly represented to Plaintiff and the Court that the full loan agreement had been produced when, in fact, it had not. These misrepresentations, based on a strained interpretation of the term "loan agreement," "required Plaintiff to file multiple documents seeking relief from the Court" and ultimately "led the parties and the Court in a circle, wasting time and resources." D.E. 151 at 8; D.E. 159 at 7. In short, the Court finds that none of the time entries reflecting counsel's work on this specific issue are excessive.

Nevertheless, some of counsel's time entries appear to include work on matters other than the production of the loan agreement—namely, other discovery issues, Plaintiff's summary-judgment motion, the amendment of Plaintiff's Complaint, and other matters redacted from counsel's billing records. Therefore, after carefully reviewing counsel's billing statements, the parties' arguments, and the case record, the Court excludes from the fee award the following hours:

- Mr. Christu's February 7, 2011, time entry for "Exchange of numerous telephone calls and e-mails with opposing counsel regarding 2/8/11 hearing and summary judgment issues" is reduced from 1.7 hours to 1.2 hours. *See* D.E. 238-1 at 3.

- Mr. Barsky's February 22, 2011, time entry for "Review of discovery history, Rule 26 disclosures, and prior scheduling orders," as well as various other matters, is reduced from 2.5 hours to 1.5 hours. *See id.* at 5.

- Mr. Barsky's March 1, 2011, time entry for "Review of documents produced by opposing party and strategy as to what documents are present and what documents still remain to be produced," along with other matters, is reduced from 4.9 hours to 2.9 hours. *See id.* at 11.

- Mr. Barsky's March 4, 2011, time entry for "Review of discovery responses from Defendants" is reduced from 1.4 hours to 0.9 hours. *See id.*

- Mr. Barsky's March 14, 2011, time entry for "Telephone with client" and "Review of discovery received from Meathe and additional discovery needed" is reduced from 0.6 hours to 0.3 hours. *See id.* at 12.

- Mr. Barsky's March 21, 2011, time entry for "Revisions to statement in response to notice of compliance and motion to compel," as well as other matters, is reduced from 2.4 hours to 1.4 hours. *See id.*

- Mr. Barsky's March 22, 2011, time entry for "Preparation of statement in response to alleged compliance" and other redacted matters is reduced from 6.3 hours to 2.3 hours. *See id.*

Based on these reductions, the Court finds that Mr. Christu and Mr. Barsky reasonably spent 5.3 hours and 11.7 hours, respectively, seeking Defendants' production of the loan agreement. Multiplying these hours by the attorneys' respective hourly rates of $425.00 and $255.00 yields a total lodestar amount of $5,236.00.

### 3. Adjustment for Results Obtained

Last, the Court considers whether the lodestar amount should be adjusted based on the results obtained by Plaintiff's counsel and concludes that it should not. After much effort, counsel succeeded in compelling Defendants to produce the whole loan agreement. *See* D.E. 151 at 8-9. Plaintiff is thus entitled to the full lodestar amount of $5,236.00. *See Norman*, 836 F.2d at 1302.

## III. Conclusion

As detailed herein, Plaintiff's Motion for Award of Attorney's Fees Pursuant to D.E. 159 [D.E. 238] is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $5,236.00 in reasonable attorney's fees expended in seeking Defendants' production of the full loan

agreement between PTG Enterprises and Boathouse Capital. Defendants' counsel is hereby **ORDERED** to pay this sum to Plaintiff by **October 31, 2011**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 15th day of September, 2011.

*[signature]*
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:	Hon. William J. Zloch
	Counsel of record